CITY OF MONTPELIER ET AL. *v.* BARRE AND MONTPELIER

TRACTION & POWER CO.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed November 25, 1903.

*Street Railway—Franchise—Condition—Consolidation— Transfers.*

A traction company operating a street railway in a city under a franchise fixing the fare in such city and providing that the company should give transfers to all of its own lines, which acquires the right of another company, operating a street railway in an-

other city under a franchise fixing the fare in that city and providing that such company should give transfers to all of its own lines, and which thereafterwards operates a consolidated line in and between said cities, cannot be compelled to issue to its patrons in one city transfers to its line in the other city.

PETITION FOR MANDAMUS.  Heard on petition, answer, and evidence filed, at the May Term, 1903.

*Frederick P. Carleton* for the petitioner.

The powers in the charter of the Consolidated Lighting Company, so far as they were purchased by the respondent, merged into that company.  Beach on Corp. § 360; *Town* v. *Whitworth*, 117 U. S. 139.

The franchise must be construed most favorably to the public.  *Wabash R. R. Co.* v. *Depianer*, 52 Oh. St. 262; *Railway Co.* v. *Railway Co.*, 127 Ind. 369; *Railway Co.* v. *James*, 34 Fed. 579; *R. R. Co.* v. *Chicago*, 121 Ill. 176; *Stein* v. *Water Co.*, 141 U. S. 67.

*Richard A. Hoar* and *Rufus E. Brown* for the respondent.

HASELTON, J.  This is a petition for a writ of mandamus. The petitioners are the City of Montpelier and Frank M. Corry, its mayor, who petitions on his own behalf and on behalf of all the citizens and inhabitants of the city of Montpelier.  The defendant is a corporation operating lines of street railway within the cities of Barre and Montpelier and the town of Berlin.  Its lines or systems have been so connected that it now operates a continuous line from the city of Montpelier through the town of Berlin to the city of Barre; and the petition is for a writ of mandamus directing the defendant to issue to its Montpelier patrons transfers to the lines of the defendant in Berlin and Barre.  The testimony, however, establishes that the defendant carries a pas-

senger over its lines in the city of Montpelier and the town of Berlin to the Barre line on payment of a single five cent fare.

The defendant was incorporated by an act of the Legislature in 1892. February 10, 1896, the city council of the city of Barre granted it the right to construct and operate a street railway over various streets of said city, and made it a condition of the grant that the fare for riding upon the lines of the company, within the city limits, should be five cents, and that the company should give transfer tickets to all of its own lines. At this time the defendant had no authority under its charter to construct or operate a street railway within the limits of Montpelier.

July 8, 1896, the City Council of the city of Montpelier granted to the Consolidated Lighting Company, a corporation, the right to construct and operate an electric railway over various streets in Montpelier. It was a condition of this grant that the fare for riding upon the lines of the grantee within the limits of Montpelier should be five cents, and that the grantee should give transfer tickets to all of its own lines. June 16, 1896, the selectmen of the town of Berlin granted to the Consolidated Lighting Company the right to construct and operate a street railway over certain streets in that town. It was provided that the fare within the town limits should be five cents, and that the grantee should give transfers to all of its own lines. The Consolidated Lighting Company, to which the Montpelier and Berlin grants were made as recited, had no authority to construct or operate a street railway in Barre.

Afterwards, under legislative authority, and in accordance with a previous agreement, the defendant company took an assignment of the rights, privileges, and franchises of the Consolidated Lighting Company in respect to the construction

and operation of lines of street railway in Montpelier and Berlin, and so succeeded by operation of law to all the obligations of the latter company in respect to fares and transfers. But these obligations were neither diminished nor augmented by the assignment.

Later, the city of Montpelier granted to the defendant the right to construct and operate a line of street railway which would connect the lines hereinbefore referred to; and at and before the date of the bringing of this petition the defendant had in operation a line of street railway from within the city of Montpelier through the town of Berlin into the city of Barre and also a branch line in the city of Montpelier and a branch line in the city of Barre. This last named grant or franchise contained nothing such that by accepting and acting under it the defendant obligated itself to issue to its Montpelier patrons transfer tickets to its lines in the city of Barre; nor can we find from the evidence taken that the defendant has in any other way become so obligated.

None of the rights or obligations of the defendant with respect to its road within the limits of Barre were either directly or indirectly derived from or imposed by the city of Montpelier. Neither the city of Montpelier nor its mayor nor the Montpelier patrons of the defendant's road can complain because the defendant requires of a person riding on its road within the limits of the city of Barre payment of the fare which that city permits it to charge.

No consideration is given to questions not arising upon facts found or conceded, nor to questions unnecessary to a decision of the case.

*The petition is dismissed with costs.*